UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

DANIEL H. JONES )
)
v. ) NO. 2:09-CV-03
)
STATE OF TENNESSEE )

**MEMORANDUM OPINION**

This is a *pro se* inmate's notice of removal filed pursuant to 28 U.S.C. §§ 1441 and 1446. Petitioner submits that, absent removal to this federal forum, his state criminal prosecution for cocaine possession, which is pending before the Criminal Court for Sullivan County, Tennessee, will result in a violation of his right not to be placed in double jeopardy. [Doc. 3].

Petitioner has also filed an application to proceed *in forma pauperis* and an affidavit, which reflects that he lacks sufficient financial resources to submit the entire filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nonetheless, because he is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Accordingly, the custodian of petitioner's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly

>deposits to petitioner's' inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of petitioner's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts at petitioner's place of confinement and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment and collection procedures outlined above.

From petitioner's pleading and appended exhibits, the Court has gleaned the following facts underlying the state criminal prosecution sought to be removed to this federal forum. [Doc. 3, Exs. I - IV]. On October 17, 2008, in Case No. S53126, petitioner pled guilty to and was convicted of possession of .5 grams of cocaine for

---

[1] Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:09-cv-00003-RLJ   Document 8   Filed 02/10/09   Page 2 of 7   PageID #: 36

sale (count one of the indictment) and possession of drug paraphernalia (count two). [*Id*., Exs. II, III.] For these offenses, the state court sentenced petitioner to twelve years and a concurrent eleven months, twenty-nine days. *Id.* On November 13, 2008, petitioner, through his appointed counsel, filed a motion for a new trial in state court, raising many of the same claims petitioner points to as support for his removal petition in this Court. [*Id*., Ex. I]. Though the copy of the new-trial motion submitted here is captioned as Case No S53124, petitioner maintains that the correct docket number on the motion should be Case No. S53126.² [There is nothing in petitioner's filings to indicate that the state court has even acted on the motion.] The final exhibit is a copy of a letter, dated December 1, 2008, addressed to the state court clerk, titled "In Re: Motion to Modify." [*See id.*, Ex. IV]. In that letter, petitioner indicates that he is filing the motion to modify for the purpose of preserving his rights to appeal and to seek post-conviction relief. *Id.*

---

² In his pleading, petitioner has been less than clear regarding all the offenses of conviction, perhaps relying on the exhibits attached to his notice of removal to tell his story. The Court has no idea as to why a motion for a new trial would be filed in Case No. S53**126**, a case where <u>there was no trial</u>, since the conviction was obtained pursuant to a guilty plea and since, presumably, petitioner waived his right to a jury determination. *See* Ex. I, "Request for Acceptance of Plea of Guilty, Waiver of Rights," at 2. If, contrary to petitioner's contention, the motion for a new trial was correctly captioned as Case No. S53124 and if petitioner was convicted of some unidentified offense after a trial in Case No. S53124, then and only then does filing a motion for a new trial make sense.

3

Petitioner does not indicate in his pleading, and the appended documents do not contain, any fact(s) or explanation to flesh out the alleged potential double jeopardy violation in connection with the cocaine charge, ostensibly, set for trial.

### III. Alleged Reasons Justifying Removal

Petitioner maintains that his purpose in seeking removal of his state criminal proceedings is to prevent a miscarriage of justice involving his "arrest, trial, conviction and sentencing for a drug offense falsely so levied," due to the prosecution's failure to prove his constructive and/or "actual" possession of the drugs, its failure to prove his "intent" to deliver and/or sell the drugs, and its violation of the trial court's suppression orders.

Petitioner would have this Court intervene in the state court proceedings and order the following: (1) recusal of the trial judge, the Honorable Robert Montgomery, to avoid any further conflict of interest; (2) abatement of the criminal proceedings; (3) the subsequent remand of the matter to the state court for *proper* adjudication of petitioner's claims and the appointment of a competent attorney, who will not render the negligent representation he has received thus far; and (4) dismissal with prejudice of counts one and two of the Indictment, barring any further prosecution under Indictment number S53124, having been incorporated into petitioner's trial proceedings, in violation of his rights under state law and the Fifth

4

Amendment to the United States Constitution.

### IV. Law and Analysis.

The removal statute under which this lawsuit was filed, 28 U.S.C. § 1446(a),[3] provides that a defendant who wishes to remove a criminal prosecution from a state court must file in the appropriate federal district court a notice of removal, containing a short and plain statement of the grounds for removal and a copy of all process, pleadings, and orders served upon such defendant. However, the statute also provides that, with one exception not relevant here, "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1446(c)(1).

Under the prison mailbox rule,[4] petitioner filed his notice of removal on December 31, 2008. Petitioner has not specified the date of his arraignment in Case No. S53126, but the copy of the judgment bears a filing date of October 17, 2008.

---

[3] Petitioner also cited to 28 U.S.C. § 1441, but that statute applies to civil cases only.

[4] Under the "mailbox rule," a *pro se* prisoner's pleading is deemed filed on the date it is handed to prison officials for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The envelope which contained the notice bears a stamp showing that it was received in the prison mail room on December 31, 2008.

5

Undoubtedly, given the established order of criminal case proceedings, the arraignment must have occurred before that date. Thus, since the notice of removal was not filed thirty days after petitioner's arraignment, the timeliness of the petition depends upon whether it was filed before petitioner's trial.

Again, the judgment of conviction in Case No. S53126 was filed on October 17, 2008. Petitioner's conviction upon a guilty plea serves the same adjudicatory function as the trial, which was waived by his guilty plea. The notice of removal, under the trial-triggered calculation, was required to be filed on or before September 17, 2008, to meet the statutory 30-day deadline. This removal petition, filed on December 31, 2008, comes too late.

And, the same is true in Case No. S53124. This is so because the October 17, 2008 judgment in S53126 reflects that petitioner had been sentenced in Case No. S53124, [Doc. 3, Ex. III, "Consecutive to:" block], and because logic compels the conclusion that petitioner could only have received punishment if he had already been tried or adjudicated guilty of a crime. Thus, petitioner's December 31, 2008 notice of removal is untimely because it was not filed within the allotted 30-day time frame.

Furthermore, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), would also apply to this petition. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal

6

prosecution against them in state court where those proceedings implicate important state interests and the litigant has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). *See also Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e).") (quoting *Younger*, 401 U.S. at 44). All of the factors supporting abstention are present here; therefore, the Court must abstain from interfering in the ongoing state criminal proceedings.

## IV. Conclusion.

Accordingly, in view of the above analysis, the petition for removal will be **DENIED** as untimely and pursuant to the abstention doctrine, *see McDonald v. Tennessee*, 79 Fed. Appx 793 (6th Cir. Oct. 28, 2003) (unpublished order), and this case will be **DISMISSED**.

A separate order will enter.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE